STATE OF LOUISIANA

DOCKET NO. 41544

28TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LASALLE

2019 SEP 19 PM 4:11

No.     CANDACE VARNELL d/b/a SHARP DRESSED MAN    Div.

V.

STATE FARM FIRE AND CASUALTY COMPANY

Filed: _____             _____
                                                                             Deputy Clerk

## PETITION FOR BAD FAITH AND DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Petitioner, Candace Varnell, an adult resident of Parish, Louisiana. Additional Petitioner is Josh Rushing, an adult resident of Caldwell Parish, Louisiana. She avers as follows:

1.

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY** ("FARM"), upon information and belief, an insurer authorized to do and doing business in the State of Louisiana, which may be served through its Registered Agent for Service of Process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

2.

Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure Article 2.

3.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 42 and Article 73.

4.

At all times relevant hereto, Petitioner operated a business located in Jena, Louisiana.

**EXHIBIT A**

9/24/19 Cit to Def

5.

Upon information and belief, to date, FARM has not yet paid for any losses.

6.

At all times relevant hereto, Defendant, FARM, acted through its agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives, and insurers. FARM provided a policy of insurance bearing policy number 18B6C6633.

7.

On or about September 15, 2018, the storefront suffered a burglary where a large number of items were stolen. Unfortunately, these items were crucial to the continued operation of the business.

8.

When Ms. Varnell reported the loss promptly upon discovery, FARM took an adversarial approach to adjusting the claim.

9.

The business could no longer operate as a result of its loss of crucial and key items required to operate the business.

10.

Ms. Varnell provided estimates of the value of the items, but FARM did not pay those values.

11.

FARM, through its agents, continued to harass Ms. Varnell by demanding information such as her medical information, her personal financial information (unrelated to the business), and her phone records.

12.

Despite submitting to an Examination Under Oath, spending hours with FARM sorting through receipts, and providing information when requested, FARM did not pay Ms. Varnell.

13.

FARM's representatives instead sought any and every excuse to not pay the claim including even accusing Ms. Varnell of not cooperating despite her demonstrated history of cooperation.

14.

Counsel even appeared for Ms. Varnell and tried to get Ms. Varnell's claim paid, but FARM was uncooperative and adversarial.

15.

Ultimately, Ms. Varnell had lost business income, lost her investment in terms of both time and money, lost funds expended on the business, lost future income, and suffered severe mental anguish and emotional distress as a direct result of FARM's failure to properly and timely adjust the claim and FARM's failure to pay sums where due and when due.

16.

Additionally, as a result of the incident and FARM's failure to pay, the business – which was previously successful, is now closed.

17.

Under Louisiana Revised Statute 22:1892, an insurer has thirty (30) days to pay the amount of a claim upon receiving satisfactory proof of loss from the insured or a party in interest.

18.

To date, FARM has failed to timely pay the claim in part due to simply ignoring Petitioners' entreaties to pay the claim.

19.

Under La. R.S. 22:1973, an insurer is required to "pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

20.

Under La. R.S. 22:1973, an insurer is prohibited from "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue."

21.

FARM is therefore in violation of both La. R.S. 22:1892 and 22:1973.

22.

FARM for all reasons described herein and otherwise, failed to fulfill its obligation under the policy of insurance and under Louisiana law and is therefore liable unto Petitioner for the following reasons, to-wit:

a. Failing to timely pay ALE benefits as allowed under the FARM policy;

b. Failure to pay sums due when due;

c. Failure to adhere to the policy;

d. Breach of contract;

e. Any damages to the property and any coverages not fully resolved by appraisal;

f. Lost investment;

g. Lost future income;

h. Lost income;

i. Damages caused by negligence;

j. Emotional distress and mental anguish; and

k. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to La. R.S. 22:1973 and 22:1892.

**WHEREFORE**, Petitioner, Candace Varnell, prays that after due proceeding are had in this matter, there be judgment in her favor and against Defendant FARM for all damages sustained as a result of this incident together with legal interest thereupon from the date of judicial demand

along with all costs and attorneys' fees arising out of the prosecution of this matter, all in an amount reasonable in the premises and to all other relief to which he may be entitled.

RESPECTFULLY SUBMITTED:

Galen M. Hair, La. Bar No. 32865
Trent J. Moss, La. Bar No. 37406
**SCOTT, VICKNAIR, HAIR & CHECKI LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Telephone: (504-684-5200)
Facsimile: (504-613-6351)

**PLEASE SERVE:**

State Farm Fire and Casualty Company
Registered Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Issued
9/24/19

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation; and is not admissible at trial.

**Suit Caption:**

Candance Varnell dba Sharp Dressed Man       vs.   State Farm Fire and Casualty Company

**Court:** 28th Judicial District Court        **Docket Number:** 41544

**Parish of Filing:** La Salle        **Filing Date:** 09-15-2019

**Name of Lead Petitioner's Attorney:** Galen M. Hair

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1        **Number of named defendants:** 1

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence
- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☑ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Bad Faith and Damages with insurance refusing to pay for damages and losses

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

**Name** Galen M. Hair _____ **Signature** _____

ATTEST A TRUE COPY
Jerry Knapp
Dy. Clerk of Court & Ex-Officio Recorder
LaSalle Parish, LA

**Address** 909 Poydras St. Suite 1100 New Orleans, LA 70112

**Phone number:** 504-684-5200        **E-mail address:** hair@svhclaw.com



Paid
EBRPSD $39.36
SOS $50.00

Parish of LaSalle
State of Louisiana
28th Judicial District Court

OCT 03 2019

# CANDACE VARNELL D/B/A SHARP DRESSED MAN
## VS. NO 41544
### STATE FARM FIRE AND CASUALTY COMPANY

## *CITATION*

TO: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

You are hereby summoned to comply with the demand contained in the **PETITION FOR BAD FAITH AND DAMAGES (FAXED AND ORIGINAL COPIES)**, of which a certified copy accompanies the Citation, or to deliver your answer in writing to said petition, in the office of the Clerk of the Twenty-Eighth District Court, in and for the Parish of LaSalle which office is in the Town of Jena, said Parish and State, within 15 days after the service hereof. Your failure to comply herewith will subject you to the penalty of default judgment against you.

Witness the Honorable J. CHRISTOPHER PETERS Judge of said Court, this the September 24, 2019.

_____
Deputy Clerk, LaSalle Parish, Louisiana

Requested by:
GALEN M. HAIR
909 POYDRAS STREET, SUITE 1100
NEW ORLEANS, LA 70112

OCT. 04 2019

I made service on the named party through the office of the Secretary of State
by tendering a copy of this document to
☐ JULIE NESBITT  ☐ TAMMIE GLOVER  ☐ MEGHAN SHANKS

## *RETURN*

Received this Citation, together with a certified copy of same and a certified copy of original petition in this office on the _____ day of _____, 20 ____, I made [ ☐ domiciliary / ☐ personal ] service of Notice and Petition, by delivering said certified copy to _____ Deputy Sheriff, _____, a person apparently above the age of sixteen years, whose name was known to me, in the Parish of EAST BATON ROUGE, Louisiana, _____ (location) _____, about _____ miles from the courthouse.

_____
Deputy Sheriff, EAST BATON ROUGE Parish, Louisiana

Returned And Filed
Date 10-15-19
_____
Dy. Clerk of Court
LaSalle Parish

10/16/19